O’NEILL, J.
The Whitney-Central Trust & Savings Bank and the Whitney-Central National Bank caused executory proceedings to issue against James B. Sinnott on five mortgage notes of $15,000 'each, dated April 15, 1909, due, respectively, one, two, three, four, and five years from date, made payable to the order of the maker and indorsed by him. They alleged that they were the joint holders of these notes, for value, before maturity. In accordance with the terms and stipulations of the act of mortgage, certain property in the city of New Orleans was ordered sold at public auction, for cash, without appraisement, to satisfy the alleged debt of $75,000, with interest at 5 per cent, per annum from the 15th of April, 1909, and 5 per cent, attorney’s fees.
The third opponents, J. B. Sinnott, Jr., and Henry Lee Sinnott, obtained a writ of injunction, arresting the sale, on a bond of $500 which, on motion of counsel for the banks, was increased to $3,000.
The two banks then .filed a motion to dissolve the writ, denying the allegations of the *788 petition for injunction, and demanding'that the plaintiffs in injunction be required to prove summarily the truth of their allegations, and in the same motion the banks also prayed that the writ of injunction be dissolved on the ground that the allegations of the petition did not warrant or authorize the issuance of the writ.
The record does not show what was done with the demand of the banks to require the plaintiffs in injunction to prove summarily the truth of. the allegations of their petition, but it may be assumed that the district judge properly overruled that demand in the motion to dissolve the wilt, because the injunction did not issue summarily or without bond. It is too well settled to require citation of authority that article 741 of the Code of Practice, providing that the defendant may require the plaintiff in injunction to prove summarily the truth of the allegations of his petition, applies only to a writ of injunction issued summarily and without bond, A motion to dissolve an ordinary injunction which has issued on bond, denying the allegations of the petition, must be referred to the merits.
The district judge sustained the motion to dissolve the writ of injunction on the ground that the allegations of the petition were not sufficient to maintain the writ. In the judgment, dissolving the injunction, the district court reserved to the third opponents their right to assert their demands upon the proceeds of the sale in the executory proceedings, without further pleading, and reserved to the-banks their right to sue for damages for the wrongful issuance of the writ of injunction. Prom this judgment the third opponents, plaintiffs in injunction, have appealed.
The petition of intervention and third opposition recites that the third opponents are two of the six children of James B. Sinnott, issue of his marriage with Mrs. Margaret Butterfield Sinnott-, who died on the 14th of May, 1912; that they inherited one-third of the estate of their deceased mother, and were sent into possession thereof jointly with the other four heirs by a judgment of court; that the property seized in the present suit belonged to the community of acquets and gains between J. B. Sinnott and his wife; that J. B. Sinnott pledged the mortgage notes to the Trust & Savings Bank as collateral security for his demand note of $75,000 dated the 8th of April, 1909; that this indebtedness was reduced by partial payments made during the lifetime of Mrs. Sinnott, amounting to $48,628, a list of which, showing the amount and date of each payment, is attached to the petition; that, at the time of the death of Mrs. Sinnott, the community debt due to the Trust & Savings Bank amounted to only $26,372; that the undivided interest of the opponents in the mortgaged property is not liable for, nor mortgaged to secure, any debt contracted by James B. Sinnott after the death of his wife; , that although the opponents do not know or admit that J. B. Sinnott is indebted to the National Bank, they havé been informed that in the year 1913, J. B. Sinnott borrowed a sum of money from the National Bank and gave as security a pledge of his equity in the five mortgage notes held by the Trust & Savings Bank, securing the balance of $26,372 due to that bank; that therefore any debt duo to the National Bank was contracted after the death of Mrs. Sinnott, and is a separate debt of J. B. Sinnott for which the opponents are not- answerable, and for which their property is not subject to seizure; that, during all the transactions with J. B. Sinnott, the president of the Trust & Savings Bank was also president of the National Bank, and was aware of all of the facts regarding the status and ownership of the mortgaged property and the mortgage notes; that the two banks are joined in this suit without disclosing the interest claimed by each bank in the mortgage notes sued *790 on, for the purpose of selling the entire property without appraisement to satisfy the original debt of $75,000 .and 5 per cent interest per annum from the 15th of April, 1909, and 5 per cent, attorney’s fees upon .the aggregate amount, although the entire property is only liable for $26,372; that the object and purpose of the joint suit by the two banks for more than is due is to suppress bidding and acquire the mortgaged property at a sacrifice.
The counsel for the banks have submitted certain decisions to the effect that a partial payment upon a primary obligation does nor reduce the amount of the note or notes pledged as collateral security, and that, when the pledgee has to sue upon the collateral note or notes, he may and should sue for the full amount represented thereby. This is true when the collateral security consists of a note or notes executed by a third party, other than the pledgor, because the pledgee holds the collaterals for the account of the pledgor. But the argument can have no application to a case in which the maker of the primary obligation is also the maker of the note or notes pledged as collateral security; for it would lead to the anomalous and impossible situation in which the pledgor would he both debtor and creditor, mortgagor and mortgagee, for the amount due upon the collateral note or notes, in excess of the primary obligation.
Adopting the theory of the learned counsel for the banks, however, would not change the result in the present case. If the partial payments alleged to have been made by James B. Sinnott during the lifetime of Mrs. Sinnott did not reduce the amount of the mortgage notes made and pledged by him, the' equity in these collaterals belonged to the community, and Mr. Sinnott could not legally pledge to the National Bank, to secure his separate debt, the share in the equity inherited by the heirs of Mrs. Sinnott.
It is contended by the attorneys for the banks that the third opponents are not entitled to the writ of injunction because they admit that the entire property is mortgaged and subject to seizure for a part of the debt, i. e., for $26,372. It cannot be disputed that, if the facts are as alleged in the petition for injunction, the Trust & Savings Bank had the right to proceed via executiva against the entire property to collect the $26,372, and that the National Bank had the right to proceed against J. B. Sinnott and his undivided half interest in the property for whatever debt he contracted after the death of .Mrs. Sinnott. But the banks were not proceeding in that way when the writ of injunction issued.
The writ of injunction is the proper remedy to prevent the collection, either by writ of fieri facias or by writ of seizure and sale, of more than is due. In either case, the injunction does not prevent the sheriff from proceeding with the sale to collect what is conceded to be due, if the seizing creditor desires to proceed to collect what he is not enjoined from collecting. Paragraph No. 10 of article 29S of the Code of Practice expressly provides the remedy by injunction to restrain the collection by writ of fieri facias of more than is 'due; and articles 739 and 743 afford the same remedy to prevent the collection, via executiva, of more than is due.
There is no reason why a mortgage creditor should not be prevented by injunction from collecting more than is due, or from proceeding against the property for more than it is mortgaged for.' When a mortgage creditor proceeds via executiva to sell property to collect more than it is mortgaged to secure, he may well expect the sale to be enjoined in so far as he is exceeding his right.
For the reason assigned, it is ordered that the judgment appealed from be reversed and annulled; and it is now ordered that the writ of injunction be reinstated, enjoining the plaintiff banks from proceeding against the interest of the third opponents in the *792 property seized for more than it is mortgaged to secure. This case is therefore remanded to the district court for trial of the third oppositions, according to the. views herein expressed. The cost of this appeal and of the proceedings to dissolve the writ of injunction in the district court are to be borne by the two banks in solido.