(69 South. 175)

No. 21292.

CROWLEY BANK & TRUST CO. v. HURD.

(May 10, 1915. On the Merits, June 7, 1915. On Application for Rehearing, June 28, 1915.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR ⊚═382—APPEAL BOND —INJUNCTION.

Where plaintiff in injunction has been condemned to pay the costs of court only, a bond for one-half over and above the amount of said costs is sufficient to sustain an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2036–2041; Dec. Dig. ⊚═ 382.]

On the Merits.

2. MORTGAGES ⊚═504—EXECUTORY PROCEEDINGS—INJUNCTION—WRIT.

When the defendant in executory proceedings prays for an injunction on the ground that he does not owe the full amount of the mortgage note, the writ should be worded so as to prevent the collection of the amount disputed, and allow the sale to be made to satisfy the undisputed debt. The plaintiff in the executory proceedings then has the option to allow the sale to be made to satisfy the undisputed debt or to suspend his executory proceedings until the injunction suit is decided.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1470, 1490–1500; Dec. Dig. ⊚═ 504.]

3. INJUNCTION ⊚═175—MOTION TO DISSOLVE —DETERMINATION.

A motion to dissolve an injunction on the pleadings ought to be disposed of summarily. One that puts at issue the truth of the allegations on which the injunction issued should be referred to the merits, unless the injunction issued without bond for one of the causes mentioned in article 739 of the Code of Practice, in which case the plaintiff may be required to prove summarily the truth of his allegations.

[Ed. Note.—For other cases, see Injunction. Cent. Dig. § 388; Dec. Dig. ⊚═175.]

4. PLEDGES ⊚═58 — COLLATERAL SECURITY — EXECUTORY PROCEEDINGS—INJUNCTION.

One who holds a mortgage note in pledge to secure a debt due by the maker of the mortgage note has no right to executory proceedings for more than is due, and should be enjoined from collecting the difference between the amount of the debt and the amount of the mortgage note held as collateral security.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 186–194; Dec. Dig. ⊚═58.]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by the Crowley Bank & Trust Company against Charles H. Hurd. From judgment for plaintiff, defendant appeals, and plaintiff moves to dismiss. Motion denied, and judgment reversed, with directions.

Philip S. Pugh, of Crowley, for appellant. Smith & Carmouche, of Crowley, for appellee.

On Motion to Dismiss.

SOMMERVILLE, J. [1] This is an executory proceeding, which was enjoined by the defendant, without bond, on the ground that the debt had been partially paid. There was judgment dissolving the injunction; and the writ was continued for the amount alleged

by the defendant to be due, and admitted by plaintiff in executory proceedings, and the sale was ordered to be proceeded with for the sum of $2,750, with interest, etc. Defendant took a suspensive and devolutive appeal, and the bond was fixed at $250 by the court. Plaintiff moves to dismiss the appeal on the ground that the bond should be for $375.

Under the case of Levert v. John T. Moore Planting Co., Ltd., 133 La. 591, 63 South. 198, and authorities there cited, the bond of appeal was properly made to cover one-half over the costs of court. It will be presumed that the district judge, in fixing the amount of the bond in this case, fixed it at one-half over and above the amount of the costs of court. The record is before us, and the estimate of the district judge appears to have been quite liberal.

Plaintiff, and appellee, has not informed the court of the process by which he arrived at the conclusion that the bond should have been for $375.

The motion to dismiss is denied.

### On the Merits.

O'NIELL, J. The plaintiff instituted executory proceedings to sell the defendant's property to satisfy a mortgage note drawn by him for $4,000, dated the 16th of June, 1913, with interest at 8 per cent. per annum from date and 10 per cent. attorney's fees.

The defendant, alleging that he owed the bank only $2,750, with 8 per cent. interest on $100 from the 27th of October, 1914, and on $2,650 from the 31st of December, 1914, prayed for and obtained a writ of injunction.

Instead of permitting the seizure and sale to go on in the executory proceedings to collect the debt which the defendant acknowledged he owed, the plaintiff filed a motion to dissolve the writ of injunction. It is admitted in this motion that the defendant owes only $2,750, with interest and attorney's fees, as alleged in his petition for injunction; but it is contended that, as the pledgee of the mortgage note of $4,000 as collateral security, the bank had the right to collect the note, with interest and attorney's fees, and account to the defendant for any surplus over the debt due by him. The plaintiff prayed that the writ of injunction be dissolved entirely, and, in the alternative, that it be dissolved in so far as to permit the executory proceedings to go on for the amount which the defendant admitted he owed, and prayed for 20 per cent. statutory damages, and for $300 additional damages for attorney's fees.

Judgment was rendered dissolving the writ of injunction, ordering the executory process to go on for the collection of the $2,750, and interest, attorney's fees, and costs, and reserving the plaintiff's right of action for damages. The defendant in the executory proceedings, plaintiff in injunction, has appealed.

[2, 3] The appellant's first contention is that the district judge committed an error in trying the motion to dissolve the injunction summarily, and in refusing his demand to refer it to the merits. Our opinion, on the contrary, is that judgment should have been rendered on the pleadings. The only issue presented was whether the plaintiff had a right to proceed via executiva for the entire $4,000, and interest and attorney's fees, or only for the amount of the indebtedness acknowledged by both parties. The demand for statutory damages was frivolous. They are not allowed except for dissolving an injunction arresting the execution of a judgment in ordinary proceedings. C. P. art. 304; Bank v. Sinnott, 136 La. 95, 66 South. 557. The additional demand for $300 damages depended upon the demand to dissolve the writ of injunction entirely, and was therefore not sustained by the allegations of the motion to dissolve.

[4] The writ of injunction should have been so worded as to restrain the collection of that

part of the debt which was denied in the petition for injunction. The judge's order, however, on the petition for injunction, directed that the writ issue "as prayed for," and was controlled by the petition. The plaintiff in the executory proceedings then had the option to go on with the seizure and sale to collect the amount admitted to be due, or to withhold the sale of the property pending a decision of the defendant's contest of the plaintiff's right to proceed to collect the disputed sum.

The judgment appealed from is annulled and set aside, and it is ordered and decreed that the writ of injunction be perpetuated in so far as it prevents the collection of more than $2,750, with interest at 8 per cent. per annum on $100 from the 27th of October, 1914, and on $2,650 from the 31st of December, 1914, and for 10 per cent. thereon for attorneys' fees and the cost of the executory proceedings. The appellee is to pay all costs in the injunction proceedings.

## On Application for Rehearing.

PROVOSTY, J. The cases of Cumming v. Archinard, 1 La. Ann. 279, and Iberia Cypress Co. v. Christen, 112 La. 451, 36 South. 491, are easily distinguished from the present one. They were appeals; the present one is an injunction. An appeal can only lie from the writ of seizure and sale in its entirety; not so with an injunction, which may issue only against that part of the writ which is excessive. When the defendant in writ appeals from the entire writ, he does a thing he has the right to do; but when he enjoins the entire writ on the ground that a part of the demand for which the writ issued is not due, he does a thing he has no right to do. In such cases the party through whose fault costs have been uselessly incurred should pay them. If, instead of enjoining for the part of the debt not due, according to his right, and letting the executory process go on for the part of the debt that is due, the defend-

ant in writ enjoins the entire writ, and as a result the costs that have been incurred in seizure and advertisement, etc., go for naught, it is but right that he should pay them.

Rehearing refused.