O’NIELL, J.
The plaintiff instituted ex-ecutory proceedings against the defendant on a mortgage note for $4,000. The note was held by the bank as collateral security for a debt of $2,750, represented by two promissory notes due by the defendant, on which he also owed interest at 8 per cent, per annum on $100 from the 27th of October, 1914, and on $2,650 from the 31st of December, 1914, and 10 .per cent, attorney’s fees.
Acknowledging the indebtedness of $2,750 and the interest and attorney’s fees due, and alleging that that was all he owed, the defendant sued for and obtained a writ of injunction, the effect of which was to prevent the collection of the excess claimed on the mortgage note. Instead of proceeding with the sale of the defendant’s property to collect the amount acknowledged to be due by him, the plaintiff moved to dissolve the injunction, and withheld the sale pending the trial of the motion to dissolve the writ. Judgment was rendered dissolving the injunction, and on appeal to this court the writ was perpetuated only in so far as it prevented the collection of more than the $2,750 and the interest and attorney’s fees acknowledged to be due by the defendant. See Crowley Bank & Trust Co. v. Hurd, 137 La. 787, 69 South. 175. A rehearing was de-nied, and the judgment became final on the 28th of June, 1915.
A certified copy of the mandate of this court was filed in the district court in which the judgment had been rendered, but it was not recorded.
Thereafter the property was readvertised to be sold on the 31st of July, 1915; and on the 30th of that month the defendant sued for and pbtained a second writ of injunction arresting the sale of his property.
In his petition for this second injunction the defendant alleged that the property had been seized and the sale enjoined on the ground that the writ had issued for a greater amount than was due; that the writ of injunction was dissolved and set aside by a judgment of the district court, from which he (defendant) prosecuted a suspensive appeal to the Supreme Court, where the injunction was reinstated and perpetuated in so far as to prevent the collection of moré than the $2,750 and the interest and attorney’s fees acknowledged to be due; that it was then ordered that the writ of seizure and sale be executed for the collection of the amount due to the bank; that the mandate of the Supreme Court was not recorded, as required by article 619 of the Code of Practice'; and that therefore the plaintiff had no right, and the sheriff no authority, to readvertise the property for sale under the writ of seizure and sale.
In the alternative, in the event the above contention should be overruled, the defendant alleged that the attempted sale was not advertised in the ’ newspaper required by law nor for the time required by law.
In the alternative, in the event both of the foregoing contentions should be overruled, the defendant alleged that he was not served with a notice to appoint an appraiser, and that he was entitled to have service of such notice 10 days before the sale.
The plaintiff filed a motion, to dissolve the injunction. In response to the defendant’s first complaint the plaintiff showed that the sheriff was proceeding, not under a mandate of the Supreme Court, but under the original order of seizure and sale issued from the district court. The plaintiff averred that the defendant’s first writ of injunction had *981 not at any time prevented the collection of the amount which the defendant acknowledged he owed; that the defendant’s suspensive appeal to the Supreme Court had had no greater effect than the injunction; and hence that the executory proceedings to collect the amount acknowledged to be due were not arrested or held in abeyance awaiting the registry of the mandate of the Supreme Court. In answer to the defendant’s second contention the plaintiff alleged that the notice of the proposed sale was published in a newspaper in the parish of Acadia once a week during a period exceeding 30 days, and that the defendant had not exercised his right to select the newspaper. As to the defendant’s third complaint, the plaintiff alleged, in the motion to dissolve the injunction, that the notice to appoint an appraiser had been served upon the defendant within the time required by law, and that whether the notice was or was not served was of no importance, since the defendant had taken cognizance of the proposed sale in ample time to have appointed an appraiser if he had seen fit. The plaintiff therefore prayed for the dissolution of the writ of injunction and for a judgment against the defendant for $3Q0 damages for attorney’s fees for dissolving the writ. °
As the motion to dissolve the injunction denied some of the allegations on which the writ had issued, it was properly referred to the merits. Judgment was rendered in favor of the plaintiff dissolving the injunction and condemning the defendant to pay ?100 damages for attorney’s fees. The defendant has appealed, and the plaintiff prays that the judgment for damages be increased to ?300.
Opinion.
[1] There is no merit in the defendant’s contention that the sheriff should not have proceeded with the executory process to collect the amount acknowledged to be due before the judgment of this court was recorded in the district court. Articles 618 and 619 of the Code of Practice provide that a judgment rendered by an appellate court, whether affirming or reversing the judgment appealed from, cannot be executed until it has been recorded in the inferior court which first had cognizance of the cause. But there was no attempt to execute the judgment rendered on appeal in this ease. The plaintiff had the right to proceed with the sale in the executory proceedings to' collect the amount acknowledged to be due, after being enjoined from collecting the excess called for on the mortgage note. C. P. 298 (No. 10), 739 and 743; Whitney-Central Trust & Savings Bank v. Sinnott, 135 La. 790, 66 South. 222; Crowley Bank & Trust Co. v. Hurd, 137 La. 787, 69 South. 175.
[2] The defendant’s contention that the notice of sale should have been published in the official journal of the parish in which the sale was to be made is also without merit. The law provides that such an advertisement shall be published once a week for a period of 30 days in a newspaper of the parish wherein the judicial proceedings are carried on or where the sale is tt> take place; and when there are two or more newspapers published in the parish, the defendant has the right, within 3 days after receiving notice of the seizure, to select the newspaper in which the advertisement shall be published. See sections 1 and 2 of Act No. 91 of 1876. In this case the advertisement of the proposed sale appeared in a daily newspaper published in the parish seat where the sale was to be made, in its issues of Wednesday, the 30th of June, and of Saturday, the 3d, 10th, 17th, and 24th of July. The writ of injunction issued on the 30th of July, and perhaps prevented the publishing of the notice of sale again on the morning of the 31st of July, the date of the proposed sale. The law regarding the advertisement of the proposed sale *983 wag therefore complied with up to the time the injunction issued.
The defendant’s complaint that he was not served with a notice to appoint an appraiser is well founded. It was admitted on the trial of this case that the defendant was never served with a notice to appoint an appraiser of his property. The plaintiff’s counsel contends that this notice was waived 2 das's before the day of the proposed sale by the defendant’s making affidavit for the writ of injunction on the 29th of July, 1915. We cannot agree with that contention, because, in the first place, it does not appear that it was 2 full days before the time of the proposed sale when the defendant took cognizance of the proceedings, and, iu the second place, we are of the opinion that the defendant was entitled to be served with the notice to appoint an appraiser 10 days before the date of the proposed sale.
[3] Section 10 of Act No. 83 of 1828, p. 154, entitled “An act further amending several articles of the Civil Code and Code of Practice,” provided:
“That, after the promulgation of this act, two days’ notice given to the plaintiff and defendant, by the‘sheriff; to appoint men to value property under execution, shall be sufficient, any law to the contrary notwithstanding.”
Tire foregoing provisions of the statute of 1828 were not adopted in the Revised Code of Practice, approved on the 14th of March, 1870. On the contrary, article 671, C. P., provides:
“Ten days before proceeding to the sale of the property seized, if it consists of immovables, the sheriff shall summon the party whose effects are seized, by a written notice, delivered to him in person, or left at his usual place of residence, to appear on the day, place and hour which he shall mention to him, for the purpose of naming an appraiser of the property to be thus sold,” etc.
The substance of section 10 of Act No. 8S of 1828 was embodied in the Revised Statutes adopted and approved on the 14th of March, 1870, as sections No. 64, No. 576, and No. 3426, viz.:
“Two days’ notice given to the plaintiff and defendant by the sheriff to appoint men to value property under execution shall be sufficient, any law to the contrary notwithstanding.”
The concluding section (3990) of the Revised Statutes of 1870, however, provides that, in so far as there may be any conflict between the provisions of the Revised Statutes and any provision of the Revised Civil Code or the Code of Practice, the Code shall be held and taken as the law governing the case. Hence we are constrained to hold that the provisions of article 671 of the Code of Practice must prevail over the provisions of sections No. 64, No. 576, and No. 3426 of the Revised Statutes, and that the defendant was entitled to 10 days’ notice to appoint an appraiser.
The judgment appealed from is annulled, and it is now ordered and decreed that the writ of injunction herein be perpetuated to the extent of preventing the sale of the defendant’s property without giving him 10 days’ notice to appoint an appraiser, according to article 671 of the Code of Practice. The appellee is to pay the costs of the second advertisement and costs of the injunction in both courts.