O’NIELL, C. J.
This is an appeal from a judgment dissolving an injunction for want of a cause of action.
[1] The writ was issued at the instance of an intervener in an executory proceeding. He had 'bought from the defendant, Elliott, two tracts of land that were subject to a mortgage and vendor’s lien in favor of the plaintiff, Sample. One of the tracts of land is in Grant parish and the other is partly in Grant’and partly in Rapides parish. The act of sale in which the mortgage and vendor’s lien were reserved imported a confession of judgment and contained the usual stipulation that the buyer, Elliott, should not mortgage or sell or otherwise dispose of the" property to the prejudice of the vendor’s lien or mortgage. By virtue of the pact de non alienando, the mortgagee, Sample, had the right to disregard the subsequent sale which Elliott had made to Suffern, and to foreclose the mortgage against Elliott alone. See Maisonneuve v. Martin et al. (No. 24,144) 99 South. 704,[1] decided to-day. Sample did, therefore, bring his executory proceeding against Elliott alone, and Suffern, as we have said, came in by way of intervention and stopped the sale with his writ of injunction.
In the petition of intervention six supposed causes of action were stated.
The first cause of action stated, as a ground for injunction, was that the mortgagor, Elliott, had been adjudged a bankrupt, and the second allegation, as a ground for injunction, was that the bankruptcy proceedings had annulled the confession of judgment in the act of sale and mortgage.
It was not alleged that the act of sale and mortgage was made within the four months preceding the alleged bankruptcy of Elliott, or that the mortgage was not given in good faith, or that it was not given for full value received at the time it was given.
The Bankrupt Law, the Act of July 1, 1898, c. 541, § 68, par. (d) (U. S. Comp. St. § 9651), declares that liens given in good faith and not in contemplation or in fraud of the act, and given for a consideration received at the time, and properly recorded, if recording be necessary to impart notice, shall, to the extent of such consideration; only, be not affected by the act.
[2] Inasmuch as the consideration received by Elliott for the debt secured by the vendor’s lien and mortgage w;as the land bought in the very deed in which the lien and mortgage were reserved, and, inasmuch as the deed was properly recorded, the lien and mortgage were not affected by the mortgagor’s being adjudged a bankrupt. 7 C. J. 410, 411; Loveland on Bankruptcy, p. 1344, § 49, under Discharge of Liens, citing Evans v. Rounsaville, 115 Ga. 684, 42 S. E. 100, and citing Lewis v. Hawkins, 23 Wall. 119, 23 L. Ed. 113. See, also, Collier on Bankruptcy (11th Ed. 1917) p. 402, under “Discharge of Liens.”
The third allegation of the intervener was that the order of seizure and sale directed the sheriff to collect more than the sum due to the plaintiff, Sample. The record showed, that the allegation was not. true. The order and writ of seizure and sale directed the sheriff to collect the amount claimed in the petition, $21,000, with interest at 7 per cent, per annum from the 2d of March, 1921, the interest having been paid to that date, and 10 per cent, attorney’s fees—all according to the two mortgage notes annexed to the petition. It was conceded and alleged in the sixth paragraph of the intervener’s petition for injunction that the plaintiff was entitled to interest on the notes from the 2d of March, 1921, “all interest having been paid to that date.”
[3] The fourth complaint of the intervener was that the description of the land in the sheriff’s advertisement of the sale was not a correct description^ There was no sug *946 gestion as to what was the error or inaccuracy in the description. Even if the alleged error was so serious that the intervener’s land could not have been identified by it, he had no cause to stop the sale by injunction. See Henderson v. Hoy et al., 26 La. Ann. 156.
[4] The fifth contention of the intervener was that, inasmuch as the land was partly in Rapides parish and only partly in Grant parish, the' sheriff of Grant parish could not legally seize or sell the land in Rapides parish. Section 3403 of the Revised Statutes answers the contention, viz.:
“Whenever a sheriff shall seize, under process from any court of justice, any tract of land situated in part in two or more parishes, it shall be lawful for him to execute the process upon the whole tract; in such cases the sheriff shall give the legal notices of the sale in each of the parishes into which it may extend. The deed of sale shall be recorded in each of the parishes.”
[5] The sixth complaint was that the writ of seizure and sale called for the collection of interest from the date of the mortgage notes, November 15th, 1912; whereas, the interest had been paid to the 2d of March, 1921. By an error of the clerk of court, the writ did, apparently, call for interest from the 15th of November, 1912, whereas the notes, annexed to the petition, bore the indorsement that the interest had been paid to the 2d of March, 1921. The plaintiff, in his petition for the order of seizure and sale, only claimed interest from the 2d of March, 1921, averring that the interest had been paid to that date, as shown on the notes annexed to the petition. The error in the writ of seizure and sale was therefore manifest and could not possibly have deceived any one having an interest in the matter. We have no doubt that, if the intervener had regarded the error as being at all serious, and if he had really desired a correction of the error, he would have called the sheriff’s, or the clerk’s or' the plaintiff’s attention to it, and it would have been corrected immediately. The error was not a good ground for stopping the sale by injunction. Even if the plaintiff had been trying to collect more than the sum due him, the remedy of the defendant in the executory proceedings — or of the intervener — would have been to prevent by injunction the collection of the excess, not to stop the sale absolutely. See Crowley Bank & Trust Co. v. Hurd, 137 La. 787, 69 South. 175.
The judgment is affirmed at appellant’s cost.

 Ante, p. 938.