## LOUISIANA AGRICULTURAL CORPORATION v. INTERSTATE TRUST & BANKING CO.*

(Circuit Court of Appeals, Fifth Circuit. February 19, 1927.)

No. 4913.

1. Estoppel ⬳90(2)—Corporation, with full knowledge of broker's previous misrepresentations, securing extensions of notes sold through brokers, held estopped to assert infirmity in original transaction as against brokers.

Where corporation, with full knowledge of note broker's misrepresentations as to ownership and value of property received as part consideration for its short term notes, received an extension of notes, small sum of money from brokers, and the surrender of notes by brokers who had taken them back from customers, held, that it ratified original loan agreement, and estopped itself from claiming any

infirmity therein, regardless of whether notes were in hands of innocent third persons; financial necessity, inducing corporation to enter subsequent transaction with broker, not amounting to legal duress.

2. Pledges ⬳58(6)—In Louisiana, decree foreclosing mortgage should be for amount of secured debt, and not for face value of pledged bonds securing it.

Under law of Louisiana, decree foreclosing mortgage on realty secured by pledged bonds should be for amount of secured debt, and not for face of bonds securing it, as between lender and borrower.

3. Usury ⬳53—Corporation's agreement to pay commission for securing extension of notes is usurious, if brokers own indebtedness.

Though corporation's agreement to pay brokers a commission for securing an extension of its short term notes would be valid, if notes belonged to third persons, it is void, as unconscionable and usurious, if brokers own indebtedness evidenced by notes.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster and Louis H. Burns, Judges.

Suit by the Interstate Trust & Banking Company against the Louisiana Agricultural Corporation. Decree for plaintiff, and defendant appeals. Modified and affirmed.

Claude L. Johnson, of New Orleans, La., for appellant.

J. B. Rosser, Jr., and Esmond Phelps, both of New Orleans, La., for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal by appellant from a decree foreclosing a mortgage on real estate, consisting of 80,000 acres of swamp land situated in Louisiana near the mouth of the Mississippi. Appellee was the trustee under the mortgage for the bondholders. The mortgage provided for the declaration by the trustee of a default for nonpayment of interest at the request of 25 per cent. of the holders of bonds secured by it. The decree is assailed by appellant upon the ground that 25 per cent. of the bondholders did not join in the request.

Appellant asserts that enough of those making the request to reduce the number below the required 25 per cent., were not entitled to come into equity and seek a foreclosure of the mortgage, because of the manner in which they acquired their bonds. The bonds appear from the record to have been held by F. R. Dennis, William A. Rowe, and the Farmers' State & Savings Bank of Grant Park, Ill. The bank was the purchaser for

*Rehearing denied March 30, 1927.

value before maturity and without notice of $10,000 in value of the bonds. The remaining bonds of the $212,000 issued from an authorized amount of $250,000, were held by Dennis and Rowe. It is against the ownership of these latter bonds that the assault of appellant is directed. The appellant, becoming financially embarrassed early in 1916, negotiated with Dennis, who was a Chicago note broker, to sell its short term notes. Dennis received $37,000 in defendant's short term notes, for which he paid defendant $13,000 in money, assigned an equity in real estate in Traverse City, Mich., subject to a $12,000 mortgage, a residence lot, and shares of stock in two corporations. Appellant paid him a commission for the sale of the notes. An indemnity bond was given to Rowe and Dennis by appellant for the payment of the notes.

Soon after the transaction, appellant learned that misrepresentations had been made to it by Dennis as to the ownership and value of the part of the consideration for the notes, not paid to it in money. The notes fell due and were not paid by appellant. Subsequently the appellant, with full knowledge of the misrepresentations of Dennis, entered into an agreement with him, by which it was to issue bonds in the amount of $250,000, secured by a mortgage on its real estate, of which issue Dennis and Rowe were to be given $180,000 to secure its indebtedness of $45,000, to which amount the short term notes had then increased, due to the accumulation of interest, and the payment of which sum was agreed to be extended for six months. Dennis was also to receive bonds in the amount of $32,000 for a commission on the transaction. Rowe may be inferred to have been an associate of Dennis in both transactions, but is not shown to have had any notice of any misrepresentations made by Dennis. The renewed and extended indebtedness of the appellant was not paid at its maturity, and Dennis foreclosed the lien by selling the bonds pledged to secure the indebtedness, which he and Rowe bought in for a nominal amount. After so buying in the bonds, Dennis and Rowe sold $10,000 of them to the Farmers' Bank. Upon request of Dennis, Rowe, and the Bank, and default in interest by the appellant on its bonds, the appellee, as trustee, declared a default and filed the foreclosure suit, in which the decree appealed from was rendered.

[1] The District Court rightly held that the appellant, after having, with full knowledge of any misrepresentations by Dennis, received an extension of the original indebtedness of $37,000 of six months, and an additional small amount of money from Dennis and Rowe, and the surrender of its original short term notes by Dennis and Rowe, who had taken them back from the persons to whom they had previously sold them, when appellant defaulted on them, ratified the original loan agreement, and estopped itself from thereafter complaining of any infirmity in it. This would be true as between appellant and Dennis and Rowe, regardless of whether the short term notes were or were not in the hands of innocent third parties. Any infirmity in the $37,000 transaction did not, therefore, infect the title of Dennis and Rowe to the bonds acquired by them in the subsequent transaction. The financial necessity of the debtor, and its yielding to it, would not amount to legal duress, or prevent the ratification of the first agreement by the recognition of it in entering into the second agreement.

[2] We conclude that the trustee under the mortgage was entitled to a foreclosure decree, and the remaining question is whether the amount for which the decree was rendered is correct. The bonds having been pledged as collateral to an indebtedness, according to the law of Louisiana, which obtains, the decree should have been for the amount of the secured debt, and not for the face value of the bonds securing it, as between the lender and the borrower. Crowley Bank & Trust Co. v. Hurd, 137 La. 787, 69 So. 175.

[3] The District Court allowed as an item of the decree the $32,000 in bonds given Dennis by appellant as a commission on the second transaction. If Dennis acted as a broker in the second transaction, payment of a commission to him for negotiating the loan with third persons would be proper. If Dennis was the lender himself, then the exaction of a commission from appellant was usurious and unconscionable. As we construe the record, Dennis and Rowe were lenders in the second transaction. The record shows that they had then taken up the short term notes of appellant from the persons to whom they had sold them, and were the owners of the indebtedness represented by them. The appellant was unable to pay the notes. Negotiations were had between Dennis and appellant for the extension of this indebtedness, which then amounted to about $45,000. A six months extension was granted appellant by Dennis and Rowe, in consideration of which appellant agreed to secure the extended debt with its bonds and to give Dennis a commission in bonds. The commission was paid Dennis for extending an indebtedness partly due to himself. As a lender he could not receive a com-

mission from the borrower for extending the original loan. We think the item of $32,000 in bonds should have been eliminated from the decree. The Farmers' Bank purchased $10,000 of the bonds and held them, as an innocent purchaser, at the time of the foreclosure.

The record does not show what Dennis and Rowe were paid by the bank for the bonds. The amount received by them should have been credited on the $45,000 indebtedness due them from appellant. The balance, with interest to the date of decree, together with the amounts paid by Rowe for the taxes of two years upon the real estate described in the mortgage, with interest, and the face value of the $10,000 in bonds held by the Farmers' Bank, with interest, and a reasonable attorney's fee, based upon the amount of the indebtedness secured by the mortgage, as ascertained and fixed by the decree, not to exceed 15 per cent. thereof, less such credits, if any, as have accrued to appellant for payments made by it, since the decree of foreclosure, represents the amount for the nonpayment of which the decree should direct the sale of the mortgaged property.

Let the decree of the District Court be modified to conform with the opinion, and, as so modified, be affirmed.