121 So.2d 741

Ferdinand SPIRO

v.

Mrs. Jeannette REYNAUD, Wife of/and Walter RICHARDSON.

No. 45146.

June 29, 1960.

Paul J. Thriffiley, Jr., New Orleans, for relators.

Beryl E. Wolfson, Gerson Z. Tolmas, New Orleans, for respondent.

SIMON, Justice.

Plaintiff caused executory process to issue on a mortgage given by defendants to secure a promissory note, made by them, for the sum of $1,637.50, with eight per cent per annum interest thereon, together with the sum of $59.50 paid for insurance premiums, $57.02 paid for taxes, and ten per cent on the aggregate as attorney's fees, the note being dated November 4, 1946, payable in monthly installments of $20 per month commencing December 4, 1946.

Shortly after the issuance of a writ of seizure and sale herein, the defendants applied by rule nisi for the issuance of a preliminary injunction, without bond, to restrain the seizure and sale, the application being based upon the ground that more than five years had elapsed from the date of the last payment and that of the filing of this suit, therefore becoming prescribed. In the alternative, only in the event that prescription is held inapplicable, defendants pled that the balance due plaintiff is the sum of $1,412.78, and that plaintiff should be enjoined from enforcing the collection of any amount in excess of the balance admittedly due.

In a return to the rule to show cause, Spiro interposed an exception of no cause or right of action contending that in view of the allegations contained in the injunctive process, the issuance of a permanent injunction finds no legal sanction, and, in the alternative, that the Richardsons, having contended that the amount due is less than that sued for, could have no legal injunctive relief in that respect, their remedy being a referral and recourse to the proceeds of the sale.

The trial judge referred the exception to the merits, and issue having been joined by answer to the rule, evidence on the merits was heard, the judge concluding with written reasons that the note executed on had not prescribed. On the alternative plea the court maintained the exception of no cause of action holding that the injunctive process was not available under said

plea, a recourse to the proceeds being the sole legal remedy afforded relators.

Upon the application of plaintiffs in the injunctive process we issued certiorari and alternative writs of prohibition and mandamus, but limited our consideration thereof solely to the review of the ruling of the trial judge sustaining the exception of no cause of action as to relators' alternative demand. We also refused to stay the sale of the property, and ordered all proceeds to be held pending final orders.

Under our codal articles and pertinent jurisprudence we are constrained to hold that the lower court fell into error in sustaining the exception of no cause of action to relators' alternative demand, i. e., depriving relators of the use of the injunctive process as a remedy to prevent the collection, via executive, of more than is admittedly due.

Paragraph No. 10 of Article 298 [1] of the Code of Practice expressly provides the remedy by injunction to restrain the collection by fieri facias of more than is due. Articles 739 [2] and 743 [3] afford the same remedy to prevent the collection, by executory process, of more than is due.

In Whitney-Central Trust & Savings Bank v. Sinnott, 135 La. 785, 66 So. 222, 223, after citing the codal articles, supra, we said:

"There is no reason why a mortgage creditor should not be prevented by injunction from collecting more than is due, or from proceeding against the property for more than it is mortgaged for. When a mortgage creditor proceeds via executiva to sell property to collect more than it is mortgaged to secure, he may well expect the sale to be enjoined in so far as he is exceeding his right."

1. Article 298 C.P.: "The injunction *must* be granted, and directed against the defendant himself, in the following cases: (Italics ours)

"* * * 10. To stay execution when payment is alleged to have been made after judgment rendered, when compensation is pleaded against the judgment, or where the sheriff is proceeding on the execution contrary to some provision of law; provided, that no judgment or execution shall be enjoined on an allegation of compensation, setoff, or subsequent payment, except for the amount of such sum plead in compensation, setoff, or payment, as shall be established by the defendant, according to law; and such payment, for any surplus that may exist, shall be executed in all respects as if no such injunction had been granted; * * *"

2. Article 739 C.P.: "The debtor can only arrest the sale of the thing thus seized, by alleging some of the following reasons, to-wit:

"1. That he has paid the debt for which he is sued; * * *"

3. Article 743 C.P.: "But if the defendant does not prove the truth of the facts alleged in his opposition, or if it appears that he has paid or can plead in compensation for only a part of the debt, the judge shall dissolve the injunction he had granted, and the sale of the property shall proceed, either for the whole debt or for a part, as the case may be."

Also see Crowley Bank & Trust Co. v. Hurd, 137 La. 787, 69 So. 175.

In Sample v. Elliott, 155 La. 941, 99 So. 705, 706, we were presented with the validity of the dissolution of a writ of injunction for want of a cause of action. One of the alleged causes of action upon which the injunction issued was that the order of seizure and sale directed the collection of more than the sum due. We said:

"Even if the plaintiff had been trying to collect more than the sum due him, the remedy of the defendant in the executory proceedings—or of the intervener—would have been to prevent by injunction the collection of the excess, not to stop the sale absolutely."

We are supported in our conclusions in that prior to the date fixed on our docket for the submission of this matter, counsel for both parties filed a joint motion requesting that we remand the record to the district court whereby they could have a determination and an accounting made of the actual sum due Spiro by relators as a result of the latters' alternative demand. Necessarily, we are in accord with this joint request.

Construing the law as herein set forth, the judgment of the lower court sustaining the exception of no cause of action to relators' alternative demand is accordingly annulled and reversed, the writs herein issued are hereby made peremptory, and the record herein is remanded to the district court for such proceedings as are not inconsistent with the views herein expressed. Costs to be borne by respondents and all other costs to await the further hearing below.