HARWELL L. ALLEN, Judge ad hoc.
Defendant, Borris Burk, is the holder of a note executed by plaintiff, Clark Penn, in the amount of $12,000.00 secured by act of mortgage on plaintiff’s home in the City of New Orleans.
Alleging that plaintiff was delinquent, Burk obtain an order of executory process in the Civil District Court for the Parish of Orleans. Plaintiff then filed this suit against Burk, Mrs. Mary Savarese and M & M Home Repair Company alleging that Burk and Mrs. Savarese were partners in the business known as M & M Home Repair Company that Mrs. Savarese had induced plaintiff to allow them to make certain repairs and additions to his home for the price of $12,000.00 and also to execute a note and act of mortgage in favor of Burk in the amount of $12,000.00; that Burk and Mrs. Savarese had conspired together to defraud plaintiff out of his home; that the work was totally unsatisfactory and there was a failure of consideration. Plaintiff then alleges that he was damaged in the amount of $12,000.00 by the failure of Burk and the M & M Home Repair Company to complete their contractual obligations. He prayed for a temporary restraining order against the sale and in due course a preliminary and permanent injunction. He also prayed for judgment against Burk, Mrs. Savarese and M & M Home Repair Company jointly, severally and in solido, for damages in the amount of $12,000.00 together with attorney’s fees in the amount of $2,500.00, and that the mortgage be cancelled and erased from the mortgage records of Orleans Parish.
Defendant Burk and the Civil Sheriff of Orleans Parish were ordered to show cause on February 17, 1961, why a preliminary injunction should not be issued to enjoin further execution of the executory process.
A hearing was held and judgment was rendered holding that Borris Burk and Mrs. Mary Savarese were partners in the home repair and finance business; that there had been no substantial compliance with their contract to repair plaintiff’s home and the contract was null and void because of fraud and therefore unenforceable. A pertnanent writ of injunction was *108 issued enjoining the execution of the order of executory process. Judgment was also rendered in favor of plaintiff for attorney’s fees in the amount of $500.00 and in favor of defendant, Borris Burk, for the sum of $1,658.94 which he had paid to a prior mortgage holder on the property.
From this judgment, defendants Borris Burk and Mrs. Mary Savarese have appealed and plaintiff, Clark Penn, has appealed from that part of the judgment which ordered him to pay Burk the sum of $1,658.94. . ;
Plaintiff is an illiterate colored man who owns his home located at No. 2971 Dor-genois Street in the City of New Orleans. His home was in such a bad state of repair that he testified the city had threatened to condemn the property if he didn’t have it repaired. Also, plaintiff had an outstanding mortgage on his home with a balance of $1,500.00 and at the time the loan was secured from Burk, the holder of his prior mortgage had instituted foreclosure proceedings.
Defendant, Borris Burk, is an attorney at law who lends money on real estate for others as well as for his own account.
Defendant, Mrs. Mary Savarese, is a licensed state contractor engaged in residential construction and repairs. She was called on cross-examination and testified that she was the sole owner of M & M Home Repair Company. There was also filed in evidence a declaration recorded in the Conveyance Office of Orleans Parish on December 6, 1956, stating that she was conducting a building and home repair contracting business under the style and trade name of “M & M Home Repair Company” and that she was the sole owner thereof.
The record discloses that Mrs. Mary Savarese contacted Annie Mae Penn, daughter of plaintiff, to see if they wanted to repair their home. Upon being told that her mother was interested, Mrs. Savarese contacted plaintiff’s wife. They went over the proposed work and plaintiff’s wife signed a contract with M & M Home Repair Company to repair and renovate the existing home and add four rooms for the sum of $12,000.00 which included the amount due Alphonse Mortgage Company in the sum of $1,658.94. This contract was signed on April 19, 1961, and authorized M & M Home Repair Company to obtain a loan to finance the repairs.
Mrs. Savarese contacted Borris Burk who agreed to finance the work and on May 5, 1960, plaintiff, his wife and Mrs. Savar-ese met with defendant, Burk, in his office where plaintiff signed the contract with M & M Home Repair Company and both he and his wife executed a note and act of mortgage in the sum of $12,000.00. Plaintiff was not given any money nor was the contract between plaintiff and M & M Home Repair Company discussed with Mr. Burk.
The mortgage was accepted by Mr. Cyril F. Dumaine, attorney, who accepted same as a nominal party and as a courtesy to Mr. Burk. The note was payable to “bearer” in monthly installments of $120.00 with interest at the rate of eight per cent from date.
The work was undertaken and allegedly completed. Plaintiff paid several installments on his note but defaulted and these foreclosure proceedings were instituted.
The trial judge found that there was overwhelming evidence that Mrs. Savarese and Burk were partners in the home repair and finance business, stating that “the very close business relationship which existed between these two filled all the codal requirements for partnerships. Their business affairs were very closely intertwined and insofar as home repair work was concerned they were close business associates”.
Both Borris Burk and Mrs. Savarese denied that they were or ever had been partners. Burk testified that he worked with many contractors in making loans on real estate for repairs and Mrs. Savarese testified that she worked with several lending *109 agencies including some savings and loan associations. The record is devoid of any evidence to prove the existence of a contract of partnership or sharing in any proportion in the profits and/or losses. Although several members of plaintiff’s family testified, not one claimed to have been told, or led to believe that Burk and Mrs. Savarese were partners. Burk visited plaintiff’s home twice—one time to appraise the property before the loan was closed and one time during the work. Burk admitted that he frequently loaned Mrs. Savarese money without taking a note and that she owed him money at the time of the trial but this could not of itself create a partnership.
Plaintiff’s petition alleges that Burk and Mrs. Savarese were partners in M & M Home Repair Company but the evidence completely fails to substantiate these allegations. The burden of proof was on the plaintiff. We therefore conclude that defendant made a loan in good faith to finance the alterations and repairs to pláintiff’s home and he is a bona fide holder of the note executed by plaintiff on May S, 1960.
Plaintiff borrowed the sum of $12,000.00 from defendant Burk. While no funds were given to plaintiff when the loan was closed, it was understood that Burk would pay off the prior mortgage on which there was due the sum of $1,658.94 and further, as testified by Mary Penn, wife of plaintiff, both plaintiff and his wife understood that Burk was to pay Mrs. Savarese for repairing the house. Defendant Burk therefore had an obligation to account to plaintiff for the payments which they authorized him to make out of the proceeds of their loan.
Mr. Burk offered cancelled checks and receipts to substantiate all of the payments made by him with the single exception of the sum of $1,000.00 which he withheld because of a prior debt Mrs. Savarese owed him. Mrs. Savarese acknowledged this debt and the retention of $1,000.00 by Mr. Burk from her contract price. The record discloses that the contract price for the work to be performed by Mrs. Savarese was $8,800.00. Mr. Burk actually paid this amount to her or for her account. In addition, he paid the debt of plaintiff to Alphonse Mortgage Co. in the sum of $1,658.-94. These items make a total of $10,458.94, all of which was authorized by plaintiff.
Mr. Burk testified that he sold the note to a Mrs. Guidry and that it was discounted in the amount of $1,000.00. The remaining $541.06 was retained by him for his expenses and fees. He testified that he had sold the note; however, in his foreclosure suit he alleged that he was the holder and owner for value of this note. He has not amended his pleadings and cannot now deny that he is the actual owner and holder of this note.
The first information plaintiff had of the discount and expense charges in the sum of $1,541.06 was at the trial of this rule. Defendant Burk admits that he did not say anything to plaintiff about a discount or expenses and attorney’s fees. Nor did he obtain plaintiff’s consent to these deductions and charges. Since they were not authorized or approved by plaintiff, they cannot be charged to him and, to this extent, there was a partial failure of consideration.
As the defendant, Burk, is the original holder and owner of the note, the plaintiff can set up any defenses he might have such as absence or partial failure of consideration. Carreras v. Hollister’s Heirs, Court of Appeal, First Circuit, 197 So. 815. Partial failure of consideration is a defense pro tanto. LSA-R.S. 7:28.
Where the holder of a note seeks to collect more than the sum due him, the remedy of the defendant in an executory proceeding to is to prevent the collection of the excess by injunction, not to stop the sale absolutely. Spiro v. Reynaud, 240 La. 192, 121 So.2d 741; Whitney-Central Trust & Savings Bank v. Sinnott, 135 La. 785, 66 *110 So. 222; Sample v. Elliott, 155 La. 941, 99 So. 705.
We therefore conclude that there was a partial failure of consideration to the extent of $1,541.06 and that, while defendant Burk is entitled to proceed with the executory process, he may only collect the amount which he has actually paid to or for the account of plaintiff.
Inasmuch as issue was not joined or a trial had on plaintiff’s demand for damages and attorney’s fees for the alleged failure of M & M Home Repair Company to fulfill the contract for the repair of plaintiff’s home, this part of the case will be remanded for trial.
Accordingly, the judgment appealed from is annulled, avoided, reversed and set aside; and
It is now Ordered, Adjudged and Decreed that the principal sum due defendant, Borris Burk, on the note executed by plaintiff, Clark Penn, on May 5, 1960, be and it is hereby fixed at the sum of $10,458.94 plus interest and attorney’s fees and the defendants, Borris Burk and the Civil District Sheriff for the Parish of Orleans, be and they are hereby enjoined and restrained from collecting more than this amount in the executory process instituted and ordered in the proceeding entitled Borris Burk v. Clark Penn, No. 387-351 of the Civil District Court for the Parish of Orleans.
It is further Ordered, Adjudged and Decreed that this cause, insofar as plaintiff’s demand for damages and attorney’s fees are concerned, be and the same, is hereby remanded to the Honorable, the Civil District Court for the Parish of Orleans, for trial, all in accordance with law and consistent with the views herein expressed.
Costs are cast equally against plaintiff and defendant, Borris Burk.
Reversed and remanded.