HERGET, Judge
(dissenting).
The majority have concluded:
“We believe the case of Penn v. Burk, supra, is on all fours with the case at bar. We thoroughly disagree that there was absolutely no agreement in this case between the plaintiff and the bank and a complete lack of contact between the parties. The contact between the plaintiff and the bank was as complete when made by LeBlanc on behalf of the plaintiff as his authorized agent as if the plaintiff had personally made the contact, and there was an agreement between the plaintiff and the bank through Le-Blanc that the money was to be loaned and the mortgage given to secure future advance of $12,000.00 to the plaintiff to be paid in accordance with the contract terms between the plaintiff and LeBlanc and/or Regent Homes, Inc. of Baton Rouge to the Regent Homes, Inc. in three equal installments of $4,000.00, the first when ‘Slab is poured’, the second, when ‘Building is weather tight,’, and the third, when ‘Interior walls and ceiling are sealed and all openings are trimmed out. Exterior walls complete.’ Therefore, the contract called for $4,000.00 payments when a specified progress had been made in the building of the house. That was the plaintiff’s agreement with the bank as made by his authorized agent and if he wanted it differently he should have instructed his agent and notified the bank or made the agreement personally with the bank. He does not contend that Le-Blanc exceeded his authority or violated the conditions under which the money was borrowed.” (Emphasis mine.)
I am not in accord with the reliance placed by the majority on the case of Penn v. Burk, La.App., 145 So.2d 106, for its applicability to this case. The sole basis of .the doctrine announced in that case is the conclusion from the testimony payment was made upon the specific authorization of the plaintiff. The facts in this case are clearly distinguishable, for, in my opinion the evidence tendered on the trial of this case does not support the conclusion of the majority that Plaintiff in any way or in any manner authorized the bank to pay LeBlanc and/or Regent Homes, Incorporated the installments due on the contract entered into by and between Plaintiff and LeBlanc and/or Regent Homes, Incorporated for the building of his home. At most the evidence introduced reveals the only authority delegated to LeBlanc by Plaintiff was to obtain a mortgage loan with which he, Plaintiff, could pay the installments due under the building contract entered into by and between Le-Blanc and Plaintiff. The contract between Plaintiff and LeBlanc admittedly required payments of $4,000 each upon certain stages of progress in the building of the home for Plaintiff. However, if the bank voluntarily took upon itself the fiduciary authority to pay the contractor on behalf of Plaintiff, then it was under a duty to make certain the payment of such monies would redound to the benefit of Plaintiff in full and that following such payment Plaintiff would not be placed in a position of having received nothing for such payment as is the case here where liens have been filed in excess of the amount for which the bank seeks recovery under its mortgage. In the contract it is implicit the payments due by the owner to the contractor are predicated upon the completion of the work to the stated stage and the payment by *633 the contractor to suppliers of material and laborers of all charges to complete the work to the stated stage. An owner, prior to making payments to the contractor, should satisfy himself that all such charges had been paid. The bank, therefore, without explicit authority from the owner to make payments to the contractor on behalf of the owner was obligated to ascertain the contractor had paid his suppliers of material and labor. I am certain no court would enforce payment in accordance with a building contract wherein it was shown that although the edifice had physically progressed to the stated stages, the material and labor used in such construction had not been paid for by the contractor.
Upon the giving of the mortgage by Plaintiff to the bank, he could only be obligated to the bank upon a showing of the payment to him of the money for which the mortgage was given. Simply because the evidence shows Plaintiff authorized LeBlanc to obtain from the bank the loan of the money, the majority have concluded such authorization included the authority on the part of the bank to pay LeBlanc on behalf of Plaintiff.
In actuality, in my review of the record it would appear to me LeBlanc was more the agent of the bank than he was that of Plaintiff. The evidence reflects he had solicited other loans on behalf of the bank and had obtained same for the bank. The evidence further reflects Plaintiff was not one well versed in business affairs and the majority have castigated him for his silence and failure to satisfy himself that LeBlanc was not doing what he expected him to do — that is, pay for the material, supplies and labor utilized in the construction of the home. There is not one scintilla of evidence to the effect Plaintiff knew or was informed the bank had made payments on his behalf to the contractor prior to the time such payments were made. Likewise, there is no evidence to show LeBlanc had made demands on Plaintiff for the payments due under the contract, and from this the majority have concluded Plaintiff should have known the bank was making the payments on his behalf.
The majority have concluded:
“* * * We are therefore of the opinion that the plaintiff received the full consideration his contract called for, and, as stated, we believe the note and mortgage must be construed in accordance with the terms of the contract as furnished to the bank by plaintiff’s authorized agent.”
In my opinion Plaintiff received no consideration whatever for the mortgage given the bank. Accordingly, I am of the opinion the mortgage should be canceled for failure of consideration.
I respectfully dissent.